ELLEN F. ROSENBLUM
Attorney General of Oregon
BENJAMIN GUTMAN
Solicitor General
CARSON L. WHITEHEAD
Assistant Attorney General
1162 Court St.
Salem, Oregon 97301
Telephone: (503) 378-4402

Counsel for Appellee

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUROK TRIBE; PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS; INSTITUTE FOR FISHERIES RESOURCES; HOOPA VALLEY TRIBE,<br><br>    Plaintiffs - Appellees,<br><br>    v.<br><br>U.S. BUREAU OF RECLAMATION,<br><br>    Defendant-counter-claimant-cross-claimant - Appellee,<br><br>NATIONAL MARINE FISHERIES SERVICE,<br><br>    Defendant - Appellee,<br><br>    v.<br><br>KLAMATH WATER USERS ASSOCIATION,<br><br>    Defendant-counter-claimant-cross-claimant - Appellant,<br><br>KLAMATH TRIBES; KLAMATH IRRIGATION DISTRICT, | U.S.C.A. No. 23-15499<br><br>OREGON WATER RESOURCES DEPARTMENT'S RESPONSE TO MOTION TO CERTIFY |

Page 1 - OREGON WATER RESOURCES DEPARTMENT'S RESPONSE TO
    MOTION TO CERTIFY
    CLW:kw5\978576521

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-4402

|   |   |
|---|---|
| Intervenor-Defendants - Appellees, | |
| v. | |
| OREGON WATER RESOURCES DEPARTMENT, | |
| Cross-claim-defendant - Appellee. | |

## INTRODUCTION

On October 17, 2024, Klamath Irrigation District (KID) asked the court to certify four questions to the Oregon Supreme Court. The Oregon Water Resources Department (OWRD) opposes the motion.

Under Or. Rev. Stat.§ 28.200, the Oregon Supreme Court "may answer" certified questions "when requested by the certifying court if there are involved in any proceedings before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state."

The decision to certify a question of state law "rests in the sound discretion of the federal court." *Lehman Bros. v. Schein,* 416 U.S. 386, 391 (1974). This court has "long looked with disfavor upon motions to certify that are filed after the moving party has failed to avail itself of a prior opportunity to

Page 2 - OREGON WATER RESOURCES DEPARTMENT'S RESPONSE TO MOTION TO CERTIFY
CLW:kw5\978576521

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-4402

seek certification." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013) (citing *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008)). "Even where state law is unclear, resort to the certification process is not obligatory." *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003).

This court should deny KID's motion. First, the motion is untimely. Second, Oregon law is clear regarding the Bureau of Reclamation's water rights: Reclamation's right to store water in Upper Klamath Lake (UKL) does not compel it to do so and releases of water are not the exercise of an instream right. Third, Oregon law is not determinative. OWRD had consistently acknowledged that federal law controls to the extent of a direct conflict with Oregon law. Thus, even if KID's view of Oregon law were correct, the result is the same.

**A.  KID's motion to certify is untimely.**

KID makes no effort to explain why certification is appropriate at this point in the case. This court disfavors certification requests that could have been made earlier. *Hinojos*, 718 F.3d at 1108. Because KID has not explained why certification at this late date is appropriate, this court should deny the motion.

Page 3 - OREGON WATER RESOURCES DEPARTMENT'S RESPONSE TO
      MOTION TO CERTIFY
      CLW:kw5\978576521

Throughout this litigation, OWRD has maintained that the release of water from Upper Klamath Lake by Reclamation to satisfy its Endangered Species Act obligations does not violate Oregon water law. In its order to Reclamation on April 6, 2021—the order that is the subject of the United States' crossclaim in this case—OWRD explained that it did not have authority under Oregon law to stop Reclamation from releasing stored water through Link River Dam notwithstanding the Marion County Circuit Court's order. 18-KID_ER-004538 ("Notwithstanding the [circuit court's] order's directive, the Department has identified no source of state law that authorizes the watermaster to prohibit the distribution, use or release of stored water from UKL as directed in the October 13, 2020 order.").) In the April 6, 2021, order, OWRD also explained that had issued the order to Reclamation because the Marion County Circuit Court had compelled OWRD to do so. *Id.* From the outset, then, it has been clear that OWRD did not share KID's interpretation of Oregon law.

OWRD reiterated those points in its summary judgment briefing before the district court. ECF 1043 (OWRD MSJ at 15). And the district court's order acknowledged OWRD's position. *Yurok Tribe v. U.S. Bureau of Reclamation*, 654 F Supp 3d 941, 968 (ND Cal 2023) (noting that OWRD "does not dispute that it lacks authority to prevent Reclamation from complying with the

Endangered Species Act," and notes that it issued the April 6, 2021, Order "because the Marion County Circuit Court issued an injunction requiring OWRD to do so.")

In briefing before this court, OWRD again explained that state law did not prevent Reclamation from releasing stored water from UKL and cited authorities supporting that proposition. OWRD Brief 22–23. In its reply, KID did not assert that there was a determinative question of state law that needed to be decided in this case. Indeed, KID did not engage with OWRD's legal arguments and authorities. Instead, KID asserted that if OWRD's position were correct then "OWRD would never have issued the order Reclamation is challenging in this case." KID Reply 31. KID disregarded the fact that OWRD issued the April 6, 2021, order because it was compelled to do so by the Marion County Circuit Court in a case brought by KID.

This court heard oral argument on June 12, 2024. At oral argument, KID noted that the court could certify questions of state law to the Oregon Supreme Court. But KID did not file a motion requesting it to do so until now and provides no explanation for why it waited.

The state law issues KID raises have been present in this case since the United States filed its crossclaim in October 2021 and brought OWRD into the

Page 5 - OREGON WATER RESOURCES DEPARTMENT'S RESPONSE TO
	MOTION TO CERTIFY
	CLW:kw5\978576521

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-4402

district court ligation. If these issues were truly dispositive, KID should have sought certification from the district court, and not waited until the parties had expended substantial time and resources at the district court and in this court. Because the motion is untimely and KID makes no explanation for its late filing, this court should deny the motion to certify.

**B.    Under settled Oregon law, Reclamation's release of stored water is natural flow.**

In its motion, KID proposes two questions[1] related to Reclamation's release of water:

> 1.    Under Oregon law, does the storage right determined for Reclamation in the Klamath Basin General Stream Adjudication authorize it to divert stored water from UKL for instream use in the Klamath River when: (1) Reclamation's storage right does not authorize it to store water for instream purposes, and (2) the secondary irrigation water rights of KID and others within the Klamath Project are in season?
> 2.    When ownership of storage and usage rights to stored water are separately held, does the owner of the storage right have authority or discretion to decide how the usage rights will be exercised?

KID Motion 7–8. Neither of those questions warrants certification under Or. Rev. Stat.§ 28.200.

KID's first question, like its arguments in the opening and reply briefs, starts from the incorrect premise that Reclamation "diverts" water for "instream use" when it releases water from UKL through the Link River Dam. KID

---

[1] This response does not address KID's questions related to Warren Act contracts and its takings claim.

Page 6 - OREGON WATER RESOURCES DEPARTMENT'S RESPONSE TO
         MOTION TO CERTIFY
         CLW:kw5\978576521

Motion 3, 7–8. The release of water through the dam is not a diversion of water. Nor is the release of water from the dam an instream use under Oregon law.

As OWRD explained in its response brief, releasing water from UKL is not the diversion of water. "Diversion" refers to removing or shunting water away from the main channel of the river. *See*, *e.g.*, *Bennett v. City of Salem,* 192 Or. 531, 537–38, 235 P.2d 772 (1951) (describing diversion of water from the North Santiam River); *Vandehey v. Wheeler*, 13 Or. App. 25, 40–45, 507 P.2d 831 (1973) (discussing points of diversion and the use of a dam to divert water away from the stream). When an entity that is entitled to store water instead allows it to flow past the impounding structure without the intent to deliver it to a secondary use, that water is natural flow and it becomes public water rather than water protected for the purpose for which it was initially impounded. Or. Rev. Stat. § 540.045(3);[2] *Jones v. Warm Springs Irrigation Dist.*, 162 Or. 186, 195, 91 P.2d 542 (1939).

---

[2] Or. Rev. Stat. § 540.045(3) provides, "For purposes of regulating the distribution or use of water, any stored water released in excess of the needs of water rights calling on that stored water shall be considered natural flow, unless the release is part of a water exchange under the control of, and approved by, the watermaster."

Page 7 - OREGON WATER RESOURCES DEPARTMENT'S RESPONSE TO MOTION TO CERTIFY
CLW:kw5\978576521

Nor does releasing water through Link River Dam mean that Reclamation is putting that water to an instream use under Oregon law or that Reclamation must possess an instream water right to release the water, as KID appears to contend. Instream water rights are governed by Or. Rev. Stat. §§ 537.332 to 537.360. Reclamation does not possess an instream water right. Under KA 294, Reclamation has a storage right to impound water in Upper Klamath Lake via the Link River Dam. A storage right consists of a primary right to store water coupled with a secondary right to put the stored water to beneficial use. Or. Rev. Stat. §§ 537.400–.409. Those statutes, however, do not prohibit the holder of a storage right from releasing stored water. As just noted, when a person with a storage right allows the water to pass the impounding structure, that water is natural flow. The release of stored water by Reclamation with the express intent to not deliver it to project irrigators does not convert its storage right to an unlawful instream use. The released water is simply natural flow under settled Oregon law.

KID's second proposed question does not present an issue of Oregon law that needs resolution by the Oregon Supreme Court, either. As OWRD explained in its answering brief, KA 294 grants a storage right to Reclamation to impound water in UKL and KA 1000 grants the United States and project

Page 8 - OREGON WATER RESOURCES DEPARTMENT'S RESPONSE TO MOTION TO CERTIFY
CLW:kw5\978576521

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-4402

irrigators the right to use stored water. OWRD Brief 10–11. But nothing in KA 294, KA 1000, or in the Oregon statutes governing stored water prohibits Reclamation from releasing stored water from UKL. Reclamation has the right to store water but not an obligation to do so under the Oregon law.

**C.   State law issues are not determinative in this case.**

OWRD has consistently acknowledged that federal law controls to the extent of a direct conflict with Oregon law. *See* OWRD Brief 7 (discussing section 8 of the Reclamation Act and *California v. United States,* 438 U.S. 645 (1978)). The district court highlighted that fact. *Yurok Tribe*, 654 F Supp 3d at 968 (noting OWRD's acknowledgment that "its own Order must give way to the ESA"). Thus, even assuming that KID was correct that Oregon law prohibited Reclamation from releasing water from Link River Dam, OWRD's order to Reclamation is still preempted. Accordingly, the state law questions are not determinative in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-4402

# CONCLUSION

This court should deny KID's motion to certify questions to the Oregon Supreme Court.

Respectfully submitted,

ELLEN F. ROSENBLUM #753239
Attorney General
BENJAMIN GUTMAN #160599
Solicitor General


/s/ Carson L. Whitehead
CARSON L. WHITEHEAD #105404
Assistant Attorney General
carson.l.whitehead@doj.oregon.gov

Attorneys for Cross-claim-defendant-Appellee
Oregon Water Resources Department

Page 10 -   OREGON WATER RESOURCES DEPARTMENT'S RESPONSE TO MOTION TO CERTIFY
    CLW:kw5\978576521

Department of Justice
1162 Court Street NE
Salem, OR  97301-4096
(503) 378-4402

# CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024, I directed the Oregon Water Resources Department's Response to Motion to Certify to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Carson L. Whitehead
_____
CARSON L. WHITEHEAD #105404
Assistant Attorney General
carson.l.whitehead@doj.oregon.gov

Attorney for Cross-claim-defendant-Appellee
Oregon Water Resources Department

Page 11 - OREGON WATER RESOURCES DEPARTMENT'S RESPONSE TO MOTION TO CERTIFY
CLW:kw5\978576521

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-4402