**Nos. 23-15499 and 23-15521 (Consolidated)**

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

KLAMATH IRRIGATION DISTRICT,
*Intervenor-Cross-Defendant and Appellant,*

v.

YUROK TRIBE, ET AL.,
*Plaintiffs and Appellees*,

On Appeal from the United States District Court
for the Northern District of California
No. 3:19-cv-04405-WHO
Hon. William H. Orrick

## KLAMATH WATER USERS ASSOCIATION'S RESPONSE TO KLAMATH IRRIGATION DISTRICT'S CORRECTED MOTION TO CERTIFY QUESTIONS TO THE OREGON SUPREME COURT

BRITTANY K. JOHNSON, ESQ. (Cal. Bar No. 282001)
PAUL S. SIMMONS, ESQ. (Cal. Bar No. 127920)
SOMACH SIMMONS & DUNN, P.C.
500 Capitol Mall, Suite 1000
Sacramento, CA 95814
Telephone: (916) 446-7979
bjohnson@somachlaw.com
*Attorneys for Crossclaim-Defendant/Counter-Claimant/Appellant*
*KLAMATH WATER USERS ASSOCIATION*

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ...............................................................................1

II.    LEGAL STANDARD ..........................................................................2

III.   ARGUMENT........................................................................................2

      A.     Resolution of the State Law Issues Identified in the KID
            Motion Are Not "Determinative" of KWUA's Appeal ....................2

      B.     Contracts Define the Rights and Obligations Between the
            Districts and Reclamation .............................................................4

      C.     The Order of Determination in the Klamath Basin
            Adjudication Provides the Relevant State Law that Is
            Undisputed in these Appeals ..........................................................6

IV.   CONCLUSION....................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Nat. Res. Def. Council v. Haaland*,
No. 21-15163, 2024 U.S. App. LEXIS 19231 (9th Cir. Aug. 1, 2024) ....................................5

*Natural Resources Defense Council v. Haaland*,
102 F.4th 1045 (9th Cir. 2024) .........................................................................................5, 6

*Nevada v. United States*,
463 U.S. 110 (1983)...............................................................................................................4

*Pacheco v. United States*,
21 F.4th 1183 (9th Cir. 2022) ...............................................................................................1

*W. Linn Corp. Park L.L.C. v. City of W. Linn*,
534 F.3d 1091 (9th Cir. 2008) ..............................................................................................2

**Other State Cases**

*Cookinham v. Lewis*,
58 Or. 484 (1911).................................................................................................................6

*W. Helicopter Servs. Inc. v. Rogerson Aircraft Corp.*,
811 P.2d 627 (Or. 1991) ......................................................................................................2

**Other State Statutes**

Oregon Revised Statutes
28.200........................................................................................................................................2
28.200-28.255 ..........................................................................................................................2
540.610(1)................................................................................................................................4

# I. INTRODUCTION

Appellant Klamath Water Users Association (KWUA) filed its own appeal, Case No. 23-15499, seeking reversal of the district court's order granting summary judgment against it on its counterclaim, and a declaration of whether certain actions are or are not discretionary federal agency action at the Klamath Project for purposes of the Endangered Species Act (ESA). KWUA's issues presented on appeal do not require or ask for judicial determinations or constructions of state water law. Thus, questions identified by Appellant Klamath Irrigation District (KID) in its case, Case No. 23-15521, in its Corrected Motion to Certify Questions to the Oregon Supreme Court, ECF No. 113 (KID Motion), are not determinative of the issues in KWUA's appeal, a certification to the Oregon Supreme Court is not necessary in KWUA's appeal.

# II. LEGAL STANDARD

"When issues of state law are unclear, it is sometimes necessary for a federal court to certify a question to the state's highest court 'to obtain authoritative answers.' " *Pacheco v. United States*, 21 F.4th 1183, 1187 (9th Cir. 2022) (citations omitted). "The decision to certify is within the 'sound discretion of the federal court.' " *Id.* (citation omitted). The Ninth Circuit has repeatedly held that "certification is appropriate where a case presents 'complex' issues of state law with 'significant policy implications.' " *Id.* (citations omitted).

Certification of questions to the Oregon Supreme Court is governed by

Oregon Revised Statutes (ORS) 28.200-28.255.  The Oregon Supreme Court "may

answer questions of law certified to it" by a federal court, "when requested by the

certifying court if there are involved in any proceedings before it questions of law

of [Oregon state] which may be <u>determinative</u>" and "as to which it appears to the

certifying court there is no controlling precedent in the decisions of the Supreme

Court and the intermediate appellate courts of [Oregon] state."  ORS 28.200

(emphasis added).  The Ninth Circuit is "mindful that the decision to accept and

answer certified questions is left to the Oregon Supreme Court's sound discretion."

*W. Linn Corp. Park L.L.C. v. City of W. Linn*, 534 F.3d 1091, 1099 (9th Cir. 2008)

(citing *W. Helicopter Servs. Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627, 630

(Or. 1991)).

### III.    ARGUMENT

**A.    Resolution of the State Law Issues Identified in the KID Motion Are Not "Determinative" of KWUA's Appeal**

Appellant KWUA's first issue presented to this Court for review is whether

Reclamation has discretionary authority to curtail, or direct the curtailment of, the

storage, diversion, and delivery of water from the Project for irrigation to benefit

threatened or endangered species.  Appellant's Opening Br. (KWUA Br.) at 4,

ECF No. 20.  The issue presented is derived directly from KWUA's motion for

summary judgment on its First Counterclaim, which the district court denied in the

decision on appeal. 1-KWUA_ER[1]-0005 (Final Judgment on KWUA's First Counterclaim); 1-KWUA_ER-0011; 7-KWUA_ER-1716-20.

KWUA's first issue presented does not implicate any state law questions; it is focused on a determination of what the ESA requires based on an analysis of whether specific activities are or are not discretionary federal agency actions under applicable Ninth Circuit case law. After the resolution of the first issue, the second issue presented can be easily dispensed with: because the ESA does not require curtailment of the storage, diversion, and delivery of water from the Project for irrigation to benefit listed species, there cannot be a conflict between federal law and Oregon Water Resources Department's (OWRD) implementation and enforcement of state water law.

Neither the first issue nor the second issue presented ask for determinations or constructions of state water law. Although parties to the two consolidated appeals briefed issues of state water law, *see, e.g.*, OWRD Br. at 24, ECF No. 59, the resolution of KWUA's Counterclaim depends on Reclamation's nondiscretionary obligations, and its discretion or lack of discretion over nonfederal actions, related to water delivery that arise from its contracts with Project beneficiaries.

---

[1] Klamath Water Users Association's Appellant's Excerpts of Record (KWUA_ER), Volumes 1 through 12 filed with this Court on October 16, 2023.

**B.      Contracts Define the Rights and Obligations Between the Districts and Reclamation**

The Klamath Project is a collection of diversion and distribution works built under the framework of federal reclamation law.  Under that framework, the United States typically initiates appropriations of water under state law and finances the construction of major infrastructure, including dams, canals, and pumping stations.  The United States then enters into contracts for the repayment of those works, initially with landowners at the beginning of the century and later with irrigation districts, in exchange for the promise to receive delivery of water from the Project.  *See Nevada v. United States,* 463 U.S. 110, 121-25 (1983); *see also* KWUA Opening Br. at 37-51, ECF No. 20.  The water rights vest upon application of water by the user.  ORS 540.610(1) ("Beneficial use shall be the basis, the measure and the limit of all rights to the use of water in this state.").

As explained below, there is no dispute that there exist water rights to store water in Upper Klamath Lake, and to divert both live flow and previously stored water for use on land to which the water rights are appurtenant.  The rights and obligations of the United States vis-à-vis the irrigation districts and landowners, however, is defined first by contract.  That is, the contracts define the mutual promises and responsibilities of the United States and districts to store, divert, and deliver water, including to where, how much, and at which times, and the districts' promises of operation, maintenance, and repayment.  *See, e.g.*, 10-KWUA_ER-

2486-87 ("The United States will impound, store, or otherwise provide water for the irrigation of District lands, and deliver same to the District through the Adams or D Canal of the Klamath project . . . ."). Consequently, KWUA's appeal requires a determination of whether Reclamation retained discretion under perpetual contracts with irrigation districts and landowners to curtail water storage and diversion, or to direct the nonfederal parties to curtail storage, diversion, and delivery, in order to benefit listed species.

This Court can make this determination based on a straightforward application of its own precedent in *Natural Resources Defense Council v. Haaland*, 102 F.4th 1045 (9th Cir. 2024) (*NRDC v. Haaland*).[2] In *NRDC v. Haaland*, the Ninth Circuit held that once an agency "has entered into a legally binding agreement," it retains discretion to benefit listed species "only to the extent permitted by the agreement's terms." *Id.* at 1074. It found that the terms of the contracts at issue do not give Reclamation discretion to "alter the [contract] to benefit a listed species" and specifically that contract provisions limiting liability against the United States caused by drought or shortage "[do] not allow Reclamation to alter the amount of water diverted at its discretion." *Id.* at 1075-76.

---

[2] Since the time the parties filed multiple Rule 28(j) Notices of Supplement Authority on the implication of *NRDC v. Haaland* for this appeal, the Ninth Circuit denied a petition for rehearing en banc. *Nat. Res. Def. Council v. Haaland*, No. 21-15163, 2024 U.S. App. LEXIS 19231 (9th Cir. Aug. 1, 2024). No petition for writ of certiorari was filed.

The Ninth Circuit did not find it necessary to examine or resolve state water law questions, which similarly were not in issue. *See id.* at 1077. It examined the contract terms.

The contract issues are "determinative" in KWUA's appeal. The district court erred when it failed to analyze the contract terms, and this Court must reverse and rule in accordance with its precedent. Certification to the Oregon Supreme Court would not assist this Court in resolving these issues.

## C. The Order of Determination in the Klamath Basin Adjudication Provides the Relevant State Law that Is Undisputed in these Appeals

The relative rights to store water and divert stored water and live flow from Upper Klamath Lake and the Klamath River (in Oregon) have been determined in the Klamath Basin Adjudication and are memorialized in the "Amended and Corrected Findings of Fact and Order of Determination," or "ACFFOD," issued by the OWRD Adjudicator in 2014. KWUA described these rulings in its opening brief as did other parties in their respective briefs. KWUA Opening Br. at 14-18, ECF No. 20; OWRD Br. at 10-11, ECF No. 59; U.S. Br. at 21-22, ECF No. 60.

The ACFFOD is in effect, and with respect to any exceptions filed in the Klamath Basin Adjudication, those exceptions do not relate to the issues before this Court. To the extent this Court finds it necessary to look to determinations of state water law, it can rely on undisputed determinations in the ACFFOD and general principles of water law. *See, e.g.*, *Cookinham v. Lewis*, 58 Or. 484, 495

(1911).  This Court can also rely on the issues framed by the pleadings in this case like the United States' Crossclaim, in which the United States admits that its operation of the Project is not in compliance with state water law, and hence, the need for a judicial determination that the federal ESA preempts state water law. *See* 8-KWUA_ER-1728-29.

## IV.  CONCLUSION

For these reasons, there would be no benefit to certification to this Court to assist it in resolving KWUA's appeal.  Interpretation of contract terms and application of the precedent in *NRDC v. Haaland* is determinative of KWUA's issues presented for review.

Date: November 18, 2024

> SOMACH SIMMONS & DUNN, PC
> <u>s/ Brittany K. Johnson</u>
> Brittany K. Johnson
> *Attorneys for Crossclaim-Defendant/*
> *Counter-Claimant/Appellant*
> *Klamath Water Users Association*

**Certificate of Compliance for Briefs**

**9th Cir. Case Number(s) 23-15499 and 23-15521**

I am the attorney or self-represented party.

This brief contains 1552 words, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief:

[X] complies with the word limit of Cir. R. 32-1.


**Signature:** _s/ Brittany K. Johnson_          **Date:** 11/18/2024