**Nos. 23-15499, 23-15521 (consolidated)**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

YUROK TRIBE, ET AL.,
*Plaintiffs – Appellees*,

v.

UNITED STATES OF AMERICA, ET AL.,
*Defendants - Cross-Claimants - Appellees*,

v.

KLAMATH WATER USERS ASSOCIATION,
*Intervenor – Defendant - Counter-Claimant - Appellant*,

KLAMATH IRRIGATION DISTRICT,
*Intervenor - Defendant - Appellant*,

Appeal from the United States District Court for the Northern District of California
No. 3:19-cv-4405-WHO (Hon. William H. Orrick)

# FEDERAL APPELLEES' MOTION TO HOLD APPEAL IN ABEYANCE

LISA RUSSELL
*Deputy Assistant Attorney General*

THOMAS K. SNODGRASS
ROBERT P. WILLIAMS
KEVIN MCARDLE
JOHN L. SMELTZER
Environment & Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, DC 20044
(202) 305-0343
john.smeltzer@usdoj.gov

Of counsel:

LANCE C. WENGER
Solicitor's Office
U.S. Department of the Interior

MEGAN J. WALLINE
Office of General Counsel
National Oceanic and
Atmospheric Administration

Federal Appellees, the United States, the United States Bureau of Reclamation ("Reclamation"), and the National Marine Fisheries Service ("NMFS"), respectfully move this Court to place the pending consolidated appeals in abeyance for 90 days: (1) to enable officials at the Department of the Interior ("Interior"), as directed by the Secretary of the Interior on February 10, 2025, to update federal guidance on the operation of the Klamath Irrigation Project in relation to the Endangered Species Act ("ESA"), the question at issue in the appeals, and (2) to enable the parties to seek assistance from the Circuit Mediator in resolving the pending appeals and/or the underlying litigation, as warranted, in light of the directive from the Secretary.

The grounds for this request are as follows:

In 2020, then Secretary of the Interior David Bernhardt (of the first Trump administration) directed Interior's Solicitor's office to undertake a comprehensive review of Reclamation's legal obligations with respect to its operations of the Klamath Project, including consultation obligations under Section 7 the ESA (16 U.S.C. § 1536). *See* 8-ER-KWUA_1953-54. The Solicitor's Office completed its review in the fall of 2020, including a reassessment of Reclamation's ESA obligations considering its authorities and obligations under Klamath Project contracts. *See* 8-ER-KWUA_1894-1935; 8-ER-KWUA_1955-63. On January 14, 2021, then Interior Solicitor Daniel Jorjani issued two legal memoranda providing

new direction on Reclamation's ESA obligations based on the reassessment directed by Secretary Bernhardt. See 8-ER-KWUA_1936-52.

On April 8, 2021, then Secretary of the Interior Deb Haaland (under the Biden administration) withdrew the legal guidance issued by Solicitor Jorjani and all related memoranda and letters, reinstating Reclamation's prior position. *See* 8-ER-KWUA_1882-83; *see also* Answering Brief for the Federal Appellees ("U.S. Br.") at 14 n.1. In June 2021, the United States filed its cross-complaint in the present case (now at issue on appeal), specifically to confirm Reclamation's operation of the Klamath Project in accordance with its earlier position, i.e., Reclamation's view of its contractual authorities and ESA obligations prior to the review and reassessment directed by Secretary Bernhardt.

On February 10, 2025, current Secretary of the Interior Doug Burgum issued a memorandum "vacating Secretary Haaland's April 8, 2021, rescission" of the guidance documents issued as part of the review and reassessment directed by Secretary Bernhardt. *See* Att. A at 2 (Memo from Secretary Burgum) (Feb. 10, 2025). In addition, Secretary Burgum directed the Solicitor's Office to "conduct a review of legal developments during the past four years and to issue updated versions of those [guidance] documents at the earliest opportunity." *Id.*

On February 11, 2025, undersigned counsel contacted counsel for all parties to the appeals by telephone and email. Counsel for Appellants Klamath Water

Users Association ("KWUA") and the Klamath Irrigation District ("KID") responded that they have no objection to this motion. Counsel for Appellees the Yurok Tribe et al., the Klamath Tribes, and the Hoopa Valley Tribe responded that they oppose the motion and intend to file a written response. Counsel for Appellee the Oregon Water Resources Department ("OWRD") responded that OWRD takes no position on the motion.

For the foregoing reasons, the Federal Appellees respectfully ask this Court to hold the present appeals in abeyance for 90 days to enable Interior officials to complete the review directed by Secretary Burgum and to enable the parties to seek assistance from the Circuit Mediator in resolving the appeals and/or the underlying litigation, as warranted, in light of the directive from Secretary Burgum.

Respectfully submitted,

LISA RUSSELL
*Deputy Assistant Attorney General*

/s/ *John L. Smeltzer*

THOMAS K. SNODGRASS
ROBERT P. WILLIAMS
KEVIN MCARDLE
JOHN L. SMELTZER
Environment & Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, DC 20044
(202) 305-0343
john.smeltzer@usdoj.gov

Of counsel:

LANCE C. WENGER
Solicitor's Office
U.S. Department of the Interior

MEGAN J. WALLINE
Office of General Counsel
National Oceanic and
Atmospheric Administration

February 13, 2025
D.J. No. 90-8-6-08304/1

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains **571** words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *John L. Smeltzer*

JOHN L. SMELTZER
Counsel for Federal Appellees

THE SECRETARY OF THE INTERIOR

WASHINGTON

February 10, 2025

Memorandum

To: Solicitor

From: Secretary

Subject: Recission of April 8, 2021, Secretarial "Withdrawal of Klamath Project-Related Memoranda, Letters, and Analyses" and Examination of Legal Developments

In 2020, Secretary of the Interior David L. Bernhardt directed the Office of the Solicitor to conduct a comprehensive analysis of the legal requirements for consultation pursuant to Section 7 of the Endangered Species Act, 16 U.S.C. 1536 et seq., pertaining to the Bureau of Reclamation's operations in the Klamath Basin. In response, the Office of the Solicitor issued a series of memoranda in late 2020 and early 2021, which analyzed this topic and established a framework to harmonize the operations of the Klamath Project with the requirements of Federal and State law. Simultaneously, Reclamation conducted a reassessment of Klamath Project operations to facilitate compliance with the Endangered Species Act. Secretary Bernhardt further wrote two letters which conveyed those memoranda and analyses and enunciated a vision for discussions with stakeholders to correct imbalances within the Klamath Basin in accordance with the law.

Those memoranda and letters were:

- October 28, 2020, Memorandum from Carter L. Brown, Associate Solicitor – Division of Water Resources and Lance C. Wenger, Regional Solicitor – Pacific Southwest to Daniel H. Jorjani, Solicitor re: "An Updated Review of Legal Issues concerning the United States Bureau of Reclamation Operation of the Klamath Project" (Solicitor Jorjani signed and concurred on October 29, 2020).
- November 12, 2020, Letters from David Bernhardt to Paul Simmons, Klamath Water Users Association, and Nathan Rietmann, Rietmann Law PC, respectively, re: "Klamath Project Water Contracts and the Endangered Species Act."
- January 2021 Reassessment of U.S. Bureau of Reclamation Klamath Project Operations to Facilitate Compliance with Section 7(a)(2) of the Endangered Species Act.
- January 14, 2021, Memorandum from Solicitor to Secretary re: Analysis of Klamath Project contracts to determine discretionary authority in accordance with the November 12, 2020, Letter of the Secretary of the Interior.
- January 14, 2021, Memorandum from Solicitor to Secretary re: "Use of Water Previously Stored in Priority for Satisfaction of Downstream Rights."
- January 16, 2021, Letters from David Bernhardt to Paul Simmons, Klamath Water Users Association, and Nathan Rietmann, Rietmann Law PC, respectively, re: completion of analysis based on November 12, 2020, letter (enclosing January 14,

2021, memoranda and January 2021 reassessment).

On April 8, 2021, Secretary of the Interior Debra Haaland rescinded those memoranda, letters, and analyses by memorandum titled "Withdrawal of Klamath Project-Related Memoranda, Letters, and Analyses."

By this memorandum, I am vacating Secretary Haaland's April 8, 2021, rescission of those memoranda, letters, and analyses. I am further directing you to conduct a review of legal developments during the past four years and to issue updated versions of those documents at the earliest opportunity. This action is taken pursuant to the authority of Section 2 of Reorganization Plan No. 3 of 1950 (64 Stat. 1262) and other applicable authorities.