UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUROK TRIBE; et al., <br><br>　　　Plaintiffs-Appellees, <br><br>　v. <br><br>U.S. BUREAU OF RECLAMATION, <br><br>　　Defendant-counter-claimant-cross-claimant-Appellee, <br><br>NATIONAL MARINE FISHERIES SERVICE, <br><br>　　　Defendant-Appellee, <br><br>　v. <br><br>KLAMATH WATER USERS ASSOCIATION, <br><br>　　Defendant-counter-claimant-cross-claimant-Appellant, <br><br>KLAMATH TRIBES; KLAMATH IRRIGATION DISTRICT, <br><br>　　Intervenor-Defendants-Appellees, <br><br>　v. <br><br>OREGON WATER RESOURCES | No. 23-15499 <br><br>D.C. No. 3:19-cv-04405-WHO <br>Northern District of California, <br>San Francisco <br><br>ORDER |

DEPARTMENT,

    Cross-claim-defendant-Appellee.

---

YUROK TRIBE; et al.,

    Plaintiffs-Appellees,

 v.

U.S. BUREAU OF RECLAMATION; KLAMATH WATER USERS ASSOCIATION,

    Defendants-counter-claimants-cross-claimants-Appellees,

 NATIONAL MARINE FISHERIES SERVICE,

    Defendant-Appellee,

KLAMATH TRIBES,

    Intervenor-Defendant-Appellee,

 v.

KLAMATH IRRIGATION DISTRICT,

    Intervenor-Defendant-Appellant,

 v.

OREGON WATER RESOURCES

No.   23-15521

D.C. No. 3:19-cv-04405-WHO

DEPARTMENT,

    Cross-claim-defendant-Appellee.

Before: SCHROEDER, GOULD, and R. NELSON, Circuit Judges.

Federal Appellees and Appellants Klamath Water Users Association (KWUA) and Klamath Irrigation District (KID) move to dismiss this appeal as moot. In the alternative, Federal Appellees seek to further stay this appeal to seek an indicative ruling on voluntary dismissal in the district court. For the reasons explained below, the motions are denied.

1. For the court to have jurisdiction, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Bacon v. Woodward*, 104 F.4th 744, 749 (9th Cir. 2024) (quotation omitted). "Due to the nature of the mootness inquiry, unlike standing, [the panel] must consider factual developments that occurred after the suit was filed." *Id.* (same). Still, the panel's "obligation to consider whether a case is moot includes a concurrent requirement to consider all possible arguments for why a case remains live." *Id.*

The controversy over the Oregon Water Resources Department order—the district court's injunctive relief—is moot. That order is rescinded, and therefore "the challenged activity has evaporated or disappeared." *Donovan v. Vance*, 70 F.4th 1167, 1172 (9th Cir. 2023) (quotation omitted). But the district court's grant of

summary judgment to the government (joined by the Tribal Parties) and against the Irrigators included a declaration that the Endangered Species Act (ESA) applies to all Upper Klamath Lake (Lake) activity under Federal Appellees' control.

If there is a "dispute which affects the behavior" of the parties towards one another, then the case is not moot. *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (cleaned up). And if "both injunctive and declaratory relief are sought but the request for injunctive relief is rendered moot, the case is not moot if declaratory relief would nonetheless provide meaningful relief." *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007).

The district court's declaration that the ESA applies to Lake water releases "provide[s] meaningful relief" to the Tribal Parties and concretely injures the Irrigators. *Id.* Either the Irrigators get the water they are due under their contracts, or enough water is released for the endangered salmon. There is not enough water for both. *See Yurok Tribe v. U.S. Bureau of Reclamation*, 654 F. Supp. 3d 941, 969 (N.D. Cal. 2023) (it is "physically impossible" to satisfy the ESA and the Irrigators' contracts). Under these circumstances, a decision here would continue to provide meaningful relief by affecting how that scarce water will be allocated. Thus, the case is not moot, regardless of any new position that Federal Appellees take regarding the application of the ESA to Lake activity.

2. Alternatively, Federal Appellees ask to continue the stay to seek an indicative ruling on voluntary dismissal in the district court. If the panel does so, KWUA will "similarly seek relief from the district court with regard to [its] counterclaim."

Staying the matter is at the panel's discretion. *See Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). This court has identified three non-exclusive factors a court must weigh when determining whether a stay is appropriate:

> (1) the possible damage which may result from the granting of a stay;
> (2) the hardship or inequity which a party may suffer in being required to go forward; and
> (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.

*Id.* (quotation marks and quotation omitted). The third factor also encompasses questions of judicial efficiency. *See In re PG&E Corp. Secs. Litig.*, 100 F.4th 1076, 1086 (9th Cir. 2024). These factors weigh against granting the stay.

First, the parties framed the ESA issue as urgent in the district court. If the ESA does not apply to Lake water releases obligated by the Irrigators' contracts, the Irrigators will be harmed. This factor is therefore either neutral or weighs against granting the stay.

Second, no party will suffer hardship or inequity from answering the merits of the fully briefed ESA question.

5

Finally, judicial economy looms large. The panel heard argument over a year ago. Several cases are also stayed pending the panel's adjudication of the ESA question. The panel granted a stay to permit KID and the parties to fully brief KID's motion to certify to the Oregon Supreme Court. In the meantime, Federal Appellees stated they were reconsidering their position on the application of the ESA. The panel held the appeal in abeyance to permit Federal Appellants to update the panel on its new legal position. And when the status report was finally filed, guidance was released which appears aimed at avoiding this court's review. The question of the applicability of the ESA remains a live issue and one that warrants resolution for all parties involved. A stay would be a significant setback to resolving the ESA issues with all parties present in one forum. *See Ernest Bock*, 76 F.4th at 842. Thus, at least two, if not all three stay factors weigh against granting a stay.

Voluntary dismissal is also ill suited in this posture. While Federal Appellees are the cross-complainants here, the district court permissively joined the Tribal Parties to the cross-complaint. Thus, they may plausibly be construed as plaintiffs and stymie reliance on Rule 41(a)(2) to dismiss the entire cross-complaint.

The motions to dismiss and alternative motion for continued stay are **DENIED**.